## EX PARTE STRINGER.

[APPLICATION FOR HABEAS CORPUS.]

1. *Conscientious scruples against bearing arms, as ground of exemption from military service.*—A person who "conscientiously scruples to bear arms," may claim exemption from military duty, under the provisions of the State constitution, (art. iv, *militia*, § 2,) upon payment of an equivalent for personal service; yet he is not entitled, on that account, to exemption from military service in the armies of the Confederate States, unless he belongs to one of the religious denominations, specially exempted by the acts of congress.

APPLICATION by Levi M. Stringer, for the writ of *habeas corpus*, to obtain his discharge from the custody of Major W. T. Walthall, commandant of the camp of instruction near Talladega. The petitioner alleged, that he was held in custody at the said camp of instruction as a conscript; that he was a regular member of a "Christian church," and had conscientious scruples against bearing arms; that he was therefore exempt from military service, under that provision of the State constitution which declares, that "any person who conscientiously scruples to bear arms, shall not be compelled to do so, but shall pay an equivalent for personal service," and claimed the right to pay an equivalent for personal service, as therein provided; that he had applied to the Hon. JOHN T. HEFLIN, one of the circuit judges of the State, for the writ of *habeas corpus*, claiming his right of exemption from military service on the ground above stated; and that said judge, on the hearing of the writ, had refused to discharge him.

L. E. PARSONS, for the petitioner.

STONE, J.—The several acts of congress, known as the "conscript laws," are constitutional.—See Ex parte *Hill*, in re *Willis* et al., at the present term. Those acts authorize the enrollment and conscription of citizens

within the conscript age; and this, without invocation of State authority. The power of the Confederate government to conscribe the citizen, is derived from the Confederate constitution, and is not at all dependent on the constitution of the State of Alabama. The petitioner does not show a case which entitles him to exemption from military service under the acts of congress. Conscientious scruples against bearing arms, unless the party entertaining them belong to one of the religious sects mentioned in the statute, presents to the courts of the country no legal ground for declaring the petitioner exempt from military duty.

As the opinion of the entire court is not yet announced, nor indeed formed, on the broad question of jurisdiction of State courts in cases like the present; and as we feel no hesitation in refusing the present application on the merits, we place our refusal on the ground stated above.

The prayer of the petitioner is denied.

R. W. WALKER, J., not sitting.